1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TODD ROBBEN,                              No.  2:16-cv-2697 JAM KJN P

12              Plaintiff,

13        v.                                   ORDER

14   EL DORADO COUNTY, et al.,

15              Defendants.

16

17   I.  Introduction

18        Plaintiff is a pretrial detainee currently housed at the Sacramento County Jail, proceeding

19   without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to

20   proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this

21   court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  As set forth below, plaintiff's

22   complaint is dismissed with leave to amend.

23   II.  Title 28 U.S.C.§ 1915

24        Plaintiff filed a motion for an order directing the El Dorado County Sheriff to sign

25   plaintiff's trust account certificate.  Pursuant to the court's subsequent order, El Dorado County

26   provided plaintiff's certified trust account statement.  Thus, plaintiff's motion for court order is

27   moot and is denied.  Plaintiff submitted a declaration that makes the showing required by 28

28   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

III. <u>Screening Standards</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989), <u>superseded by statute as stated</u> in <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic</u>

1   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

2   In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

3   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

4   sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific

5   facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

6   the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

7   (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

8   In reviewing a complaint under this standard, the court must accept as true the allegations of the

9   complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

10   favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

11   grounds, Davis v. Scherer, 468 U.S. 183 (1984).

12          The Civil Rights Act under which this action was filed provides as follows:

13              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the
14              deprivation of any rights, privileges, or immunities secured by the
                Constitution . . . shall be liable to the party injured in an action at
15              law, suit in equity, or other proper proceeding for redress.

16   42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

17   actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

18   Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

19   liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

20   affirmative link between the incidents of police misconduct and the adoption of any plan or policy

21   demonstrating their authorization or approval of such misconduct). "A person 'subjects' another

22   to the deprivation of a constitutional right, within the meaning of § 1983, if he does an

23   affirmative act, participates in another's affirmative acts or omits to perform an act which he is

24   legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy,

25   588 F.2d 740, 743 (9th Cir. 1978).

26          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

27   their employees under a theory of respondeat superior and, therefore, when a named defendant

28   holds a supervisorial position, the causal link between him and the claimed constitutional

3

violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

IV.  Plaintiff's Complaint

In the instant complaint, plaintiff names El Dorado County, the El Dorado County Sheriff John D'Agostini, Correctional Officers Rosen and Sapien, Dr. Joe Britton, and Does 1-500 as defendants in the caption of his complaint.  (ECF No. 1 at 1.)  In the defendants' section of his complaint, plaintiff states that all Doe defendants are employed as Sheriff and Correctional Officers in El Dorado County, that Joe Britton is a doctor, and "there are other Does that work as nurses."  (ECF No. 1 at 2.)  Plaintiff alleges that the El Dorado County Sheriff operates two county jails and claims to comply with Title 15 of the California Government Code of Regulations, but does not.  (ECF No. 1 at 3.)  Plaintiff also alleges that the Sheriff does not comply with state and federal laws regarding medical and disciplinary proceedings.

In addition, plaintiff alleges that from October 21, 2016, to November 8, 2016, he was "denied medical."  (Id.)  Plaintiff asked for a double-rinse and hydrocortisone because he suffered a rash in his crotch area from an allergic reaction to the detergent.  (ECF No. 1 at 4.)  The nurse gave him one week of cream but not the double-rinse.  After a week, his cream was cut-off, along with his daily dose of Ibuprofen.  After a few days, plaintiff was seen by Dr. Joe Britton, who refused to re-prescribe the Ibuprofen, and denied the double-rinse and cream, which plaintiff claims he also used to keep his nose moist to prevent nose bleeds.  As a result, plaintiff became "sick," "in pain," with a "throbbing headache."  (ECF No. 1 at 5.)  Plaintiff's medical request was denied, so he had his family call 911.  The nurse brought plaintiff two Ibuprofen tablets.

Once plaintiff got money on his commissary account, he ordered a tube of cream and 4 Ibuprofen tablets.  The jail only allows inmates 4 Ibuprofen packs per week, but plaintiff claims

4

he needs seven (two per day) because he suffers from back and body pain. The jail also refused to give plaintiff two mattresses which he needs because he weighs 235 pounds.

Plaintiff also claims that on November 8, 2016, he was placed in solitary confinement for over 48 hours without an hour of yard exercise. Plaintiff contends that this "discipline" was the result of his complaints to jail staff concerning the lack of medical treatment. In solitary, plaintiff was cold, developed a sore throat, and jail staff allegedly ignored his requests for medical and mental health treatment. In addition, plaintiff was written up for two more discipline violations, and appears to challenge various due process violations that allegedly occurred during the respective hearings. (ECF No. 1 at 5-12.)

Finally, plaintiff alleges that the El Dorado County Sheriff's Office retaliated against plaintiff and violated state and federal laws, including specific portions of Title 15, and appears to challenge various portions of the defendants' appeal process.

## V. Discussion

Plaintiff's complaint suffers from a number of deficiencies. First, plaintiff must clearly identify each defendant both in the caption of his pleading as well as in the section of the pleading applicable to each particular defendant. The pleading must make clear the individuals plaintiff names as defendants.

Second, plaintiff names doe defendants in his complaint. The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)). However, plaintiff does not identify each defendant doe and his or her alleged act committed which plaintiff contends violated his constitutional rights. This lack of information is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe

defendants involved.  If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Does 2 and 3 did Y."  Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998).  Simply listing Does 1-500 as defendants is insufficient.

Third, plaintiff raises wholly unrelated alleged claims:  denial of medical care, wrongful placement in solitary confinement, due process violations during disciplinary proceedings, retaliation, and a refusal to make photocopies allegedly violating his access to the courts.  Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a):  'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

<u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007); <u>see also</u> Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  Plaintiff may only join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).

Fourth, based on plaintiff's allegations concerning deliberate indifference to medical care, El Dorado County, its Sheriff, and the Sheriff's Department, do not appear to be proper defendants in this action.  In determining who to name as defendants in this action, plaintiff should consider who he believes denied him adequate medical care.  If plaintiff is aware of an individual who refused to provide him with medical care, he should consider naming such individual as the defendant.  In order to state a valid claim under § 1983, plaintiff must allege that he suffered a specific injury as a result of specific conduct of a defendant and show an affirmative

link between the injury and the conduct of that defendant.  Rizzo, 423 U.S. at 371-72, 377.

Fifth, turning now to the substantive claims, plaintiff's allegations fail to demonstrate Dr. Britton was deliberately indifferent to a serious medical need.  For his rash, plaintiff was prescribed hydrocortisone cream for a week and was prescribed Ibuprofen.  Plaintiff fails to include facts demonstrating that his rash did not improve or resolve after a week, or that Dr. Britton was aware of a continued difficulty with the rash.  Moreover, plaintiff fails to allege facts demonstrating that either the rash or his headache constitutes a "serious" medical need.  "A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).  See also Lombardelli v. Halsey, 2012 WL 2529225, at *9 (E.D. Cal. June 29, 2012) (allegations of some headaches at unspecified times do not support more than a de minimis injury).

Plaintiff is advised that to maintain a Fourteenth Amendment claim based on inadequate medical care, he must allege facts showing that each defendant acted with deliberate indifference to plaintiff's serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976); Simmons v. Navajo County, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal citations omitted).  In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong -- defendant's response to the need was deliberately indifferent -- is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations omitted).

Plaintiff is cautioned that, in applying the deliberate indifference standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.  Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  In addition, mere differences of opinion between a prisoner and prison medical staff as to the proper course of treatment for a medical condition do not give rise to a § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi, 391 F.3d at 1058.

Finally, delays in providing medical care may manifest deliberate indifference.  See Estelle, 429 U.S. at 104-05.  However, to establish a deliberate indifference claim arising from a delay in providing medical care, a plaintiff must allege facts showing that the delay was harmful.  See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs."  Jett, 439 F.3d at 1096.

Sixth, plaintiff's conclusory statements concerning retaliation are too vague to state a cognizable civil rights claim.  In order to assist plaintiff in determining whether he can allege facts stating such claims, plaintiff is provided the following standards:

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so."  Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)).  A viable retaliation claim in the prison context has five elements:  "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

8

advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Seventh, plaintiff's allegation that the denial of photocopies deprives him of access to the courts is conclusory. Moreover, the right to meaningful access to the courts does not confer a right to free unlimited photocopies. See Sands v. Lewis, 886 F.2d 1166 (9th Cir. 1989)[1] (citing Jones v. Franzen, 697 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." (7th Cir. 1983)). It is unclear from plaintiff's allegation whether he can amend his complaint to state a viable access to the courts claim. Moreover, the court's docket reflects that plaintiff has had myriad opportunities to access the court, as evidenced by his multiple filings in this district, as well as his filings in each case cited therein. (See, e.g., ECF No. 9.)

Eighth, plaintiff's allegations that defendants violated Title 15, other regulations, or state laws, fail to state a federal civil rights claim. "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, [s]ection 1983 offers no redress." Sweaney v. Ada County, 119 F.3d 1385, 1391 (9th Cir. 1997), quoting Lovell v. Poway Unified Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996). See also Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right). Therefore, the failure of jail officials to follow Title 15 or state law does not rise to the level of a federal civil rights violation.

Ninth, to the extent plaintiff alleges that his administrative appeals were improperly handled, such allegations fail to state a cognizable federal civil rights claim. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison or jail official's denial of a grievance does not itself violate the constitution.

---

[1] Sands was overruled on other ground by Lewis v. Casey, 518 U.S. 343, 350 (1996).

Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (allegations that prison officials denied or ignored inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (allegations that prison officials screened out inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Finally, plaintiff also states that he filed a petition for writ of habeas corpus about the lack of medical care and rule/law violations in the Placer County Superior Court, W-HC-001528, and that he also filed a 42 U.S.C. § 1983 civil rights lawsuit in the Eastern District of California, but did not provide a case number. As set forth in plaintiff's notice of related cases, plaintiff has filed multiple lawsuits in the Eastern District. (ECF No. 9.) Plaintiff is cautioned that he cannot pursue the same allegations in multiple lawsuits. Thus, plaintiff should take care in filing his amended complaint to only include allegations he is not pursuing in other cases.

For all of the above reasons, the court has determined that plaintiff's complaint must be dismissed. The court will, however, grant leave to file an amended complaint

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo, 423 U.S. at 371. Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes prior versions of the complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the prior complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's motion for court order (ECF No. 6) is denied as moot.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

1        4. Plaintiff's complaint is dismissed.

2        5. Within thirty days from the date of this order, plaintiff shall complete the attached

3 Notice of Amendment and submit the following documents to the court:

4            a. The completed Notice of Amendment; and

5            b. An original and one copy of the amended complaint.

6 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

7 Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

8 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

9        Failure to file an amended complaint in accordance with this order may result in the

10 dismissal of this action.

11        6. The Clerk of the Court is directed to send plaintiff the forms necessary to file a

12 prisoner civil rights complaint.

13 Dated: June 8, 2017

14

15 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

16

17 harp2606.14

18

19

20

21

22

23

24

25

26

27

28

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TODD ROBBEN,                              No.  2:16-cv-2697 MCE KJN P

12              Plaintiff,

13        v.                                   <u>NOTICE OF AMENDMENT</u>

14   EL DORADO COUNTY, et al.,

15              Defendants.

16

17        Plaintiff hereby submits the following document in compliance with the court's order

18   filed_____.

19        _____         Amended Complaint
     DATED:
20

21                               _____
                                 Plaintiff
22

23

24

25

26

27

28