UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD ROBBEN, | No.  2:16-cv-2697 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| EL DORADO COUNTY, et al., | |
| Defendants. | |

By order filed June 8, 2017, plaintiff's complaint was dismissed and thirty days leave to file an amended complaint was granted.  On June 26, 2017, plaintiff was granted a sixty day extension of time.  On July 25, 2017, plaintiff was granted an additional thirty days in which to file an amended complaint, and cautioned that no further extensions of time would be granted. Thirty days from that date have now expired, and plaintiff has not filed an amended complaint.

However, on August 25, 2017, plaintiff filed a third request for extension of time. Plaintiff claims he filed a request for medical records from the Sacramento Jail over two months ago, but has not received the records.[1]  (ECF No. 23 at 1.)  Plaintiff claims he needs the medical records in order to amend his complaint to provide dates, names, and procedures.

---

[1]  Plaintiff suggests the court could issue an order requiring the Sacramento County Sheriff to release plaintiff's medical records. (ECF No. 23 at 2.)  However, plaintiff is advised that this court cannot propound discovery on behalf of litigants.  Moreover, this court has no authority or jurisdiction because there is no operative complaint on file.

Despite filing his complaint in 2016, plaintiff now claims that he did not seek copies of his medical records until recently, and appears to allege he does not have sufficient facts without such medical records to file an "accurate" amended complaint.[2] Plaintiff is advised that Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal; Effect**. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Id.

Plaintiff is required to diligently prosecute this action. Plaintiff has been provided numerous opportunities to amend his complaint, yet continues to fail to do so. Therefore, plaintiff's motion for extension of time is denied. Plaintiff shall file his amended complaint within fourteen days from the date of this order. Failure to file an amended complaint will result in the dismissal of this action based on his failure to diligently prosecute this action and his failure to comply with the court's order that he file an amended complaint.

////

---

[2] A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

In the alternative, because it appears that plaintiff is not prepared to file his pleading in federal court, plaintiff may seek to voluntarily dismiss this action without prejudice and file anew once he has sufficient facts to file a pleading in good faith.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time (ECF No. 23) is denied; and

2. Within fourteen days from the date of this order, plaintiff shall file an amended complaint or a request to voluntarily dismiss this action without prejudice.

Dated: September 25, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/robb2697.extd

---

[3] Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. However, the new statute of limitations period does not apply retroactively. Maldonado, 370 F.3d at 955. California law also tolls for two years the limitations period for inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.

Federal courts generally apply the forum state's law regarding equitable tolling. Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Under California law, however, a plaintiff must meet three conditions to equitably toll a statute of limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product of forces beyond his control; and (3) the defendants must not be prejudiced by the application of equitable tolling. See Hull v. Central Pathology Serv. Med. Clinic, 28 Cal. App. 4th 1328, 1335, 34 Cal. Rptr. 2d 175 (1994). In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal. 4th 88, 100, 84 Cal. Rptr. 3d 734 (Cal. 2008) (citation and internal quotation marks omitted).