UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD ROBBEN,                                      No.  2:16-cv-2697 JAM KJN P

               Plaintiff,

      v.                                              ORDER

EL DORADO COUNTY, et al.,

               Defendants.

      Plaintiff was formerly housed at the Rio Cosumnes Correctional Center and the El Dorado County Jail, but recently filed a change of address reflecting his transfer to the Sacramento County Jail.  As previously noted, plaintiff was scheduled for judgment and sentencing on October 27, 2017 (ECF No. 26), and Sacramento County Superior Court records confirm that plaintiff was  sentenced on October 27, 2017.  People v. Robben, Case No. P17CRF0114 (Cal.) (Sacramento County).  In his notice of change of address, plaintiff states that following sentencing, he has been retained in the Sacramento County Jail, but could be returned to the Placerville Jail at any time.  All of his legal papers remain at the Placerville Jail.  (ECF No. 28 at 2.)  On October 19, 2017, plaintiff filed a motion to stay this action because he was housed in the El Dorado County Jail and denied access to his legal materials.  (ECF No. 27.)

////

On June 8, 2017, plaintiff's complaint was dismissed with leave to amend. Since that order, plaintiff has been granted multiple extensions of time in which to file an amended complaint. On September 26, 2017, the court found that plaintiff has not been diligently prosecuting the instant action, filed November 14, 2016, based on his recent request for medical records to amend the complaint to provide dates, names, and procedures to file his amended complaint. Indeed, Rule 11(c)(3) of the Federal Rules of Civil Procedure provides for the imposition of sanctions where a litigant has violated the following provisions:

> **(b) Representations to the Court**. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Moreover, the court has authority to dismiss an action for lack of prosecution under Federal Rule of Civil Procedure 41(b). See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (*per curiam*) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district

1  court may dismiss an action for failure to comply with any order of the court"); <u>Thompson v.</u>

2  <u>Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (*per curiam*) (stating that

3  district courts have inherent power to control their dockets and may impose sanctions including

4  dismissal or default).

5        On the other hand, since June 8, 2017, plaintiff has been transferred three times, and does

6  not have access to his legal materials while housed at the Sacramento County Jail.  Although

7  plaintiff has now been sentenced, he did not indicate what his sentence was, and it is unclear

8  whether plaintiff will be returning to the El Dorado County Jail or if he will be committed to state

9  prison.

10        Therefore, plaintiff's motion for stay is partially granted.  This action is stayed for 90

11  days.  Ninety days from the date of this order, plaintiff shall file a motion to lift the stay,

12  accompanied by his proposed amended complaint.  If plaintiff fails to comply with this order, the

13  undersigned will recommend that this action be dismissed without prejudice.  Plaintiff is

14  cautioned that he must keep this court apprised of his current address at all times.  Local Rule

15  183(b).  Failure to do so will also result in the dismissal of this action.

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's motion for stay (ECF No. 27) is partially granted;

18        2.  This action is stayed for 90 days;

19        3.  Ninety days from the date of this order, plaintiff shall file a motion to lift the stay,

20  accompanied by a proposed amended complaint;

21        4.  The Clerk of the Court is directed to administratively terminate this action; and

22        5.  Plaintiff is cautioned that failure to comply with this order will result in the dismissal

23  of this action.

24  Dated:  November 8, 2017

25

26                    KENDALL J. NEWMAN
    /robb2697.stay              UNITED STATES MAGISTRATE JUDGE

27

28